John R. Keough, III (JK 6013)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorney for Plaintiff
111 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 227-3550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SOUTHQUAY SHIPPING LTD.,

                        Plaintiff,

      -against-

INTERNATIONAL OIL OVERSEAS INC.,
MARINA WORLD SHIPPING CORP., and
GRESHAM WORLD SHIPPING INC.,

                    Defendants.

------------------------------------------------------------X

                    **ECF CASE**

                  06 Civ. 15310 (PKC)

                  **AMENDED**
                **VERIFIED COMPLAINT**



       Plaintiff SOUTHQUAY SHIPPING LTD. (hereinafter "SOUTHQUAY"), by its

attorneys, Waesche, Sheinbaum & O'Regan, P.C., complaining of the Defendants

INTERNATIONAL OIL OVERSEAS INC. (hereinafter "IOOI"), MARINA WORLD

SHIPPING CORP. (hereinafter "MARINA WORLD"), and GRESHAM WORLD SHIPPING

INC. (hereinafter "GRESHAM WORLD"), alleges, upon knowledge with respect to itself and its

own acts and upon information and belief as to all other matters, as follows:

## JURISDICTION

       1.     This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime

contract. The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and/or the Arbitration Act, 9 U.S.C. §1 *et seq.* and §201 *et seq.* and this Court's federal-question jurisdiction pursuant to 28 U.S.C. §1331.

## THE PARTIES

2.    At all times relevant hereto, SOUTHQUAY was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 17, Chemin Louis-Dunant, 1202 Geneva, Switzerland.

3.    At all times relevant hereto, IOOI was and still is a business entity duly organized and existing under the laws of a foreign country with an address at P.O. Box 14437, Al-Andalus Street, Jeddah 21424, Kingdom of Saudi Arabia.

4.    At all times relevant hereto, MARINA WORLD was and still is a business entity duly organized and existing under the laws of a foreign country and located in Jeddah, Kingdom of Saudi Arabia.

5.    At all times relevant hereto, GRESHAM WORLD was and still is a business entity duly organized and existing under the laws of a foreign country and located in Jeddah, Kingdom of Saudi Arabia.

## REQUEST FOR RELIEF

6.    On or about December 12, 2005, SOUTHQUAY, as owner of the M/V YURI SENKEVICH, and IOOI, as charterer, entered into a maritime contract of charter party (hereinafter "the Charter Party").

7.    Under the Charter Party, SOUTHQUAY agreed to let the vessel M/V YURI SENKEVICH to IOOI for the carriage of cargo from Shuaiba and Fujairah to Singapore in consideration of an agreed amount of freight and an agreed rate of demurrage for port delays beyond the time allowed in the Charter Party.

8.    The vessel was duly delivered and loaded with cargo; the voyage was performed; and demurrage in the total sum of $1,275,201.83 was earned.

9.    SOUTHQUAY fully performed all of its obligations under the Charter Party.

10.    Despite due demand and in breach of the Charter Party, IOOI has refused or otherwise failed to pay demurrage in the amount of $1,275,201.83.

11.    At all times relevant hereto, MARINA WORLD was and still is the general and/or managing agent of IOOI and is merely a shell corporation through which IOOI conducts its business.

12.    In the alternative, MARINA WORLD is the alter ego of IOOI because IOOI dominates and disregards MARINA WORLD's corporate form to the extent that MARINA WORLD is actually carrying on IOOI's business and operations as if the same were its own.

13.    MARINA WORLD acts as paying agent, or arranges for other non-parties to satisfy the debts and obligations of IOOI.

14.    At all times relevant hereto, GRESHAM WORLD was and still is the general and/or managing agent of IOOI and is merely a shell corporation through which IOOI conducts its business.

15.    In the alternative, GRESHAM WORLD is the alter ego of IOOI because IOOI dominates and disregards GRESHAM WORLD's corporate form to the extent that

3

GRESHAM WORLD is actually carrying on IOOI's business and operations as if the same were its own.

16.     GRESHAM WORLD acts as paying agent, or arranges for other non-parties to satisfy the debts and obligations of IOOI.

17.     In the further alternative, the Defendants are partners and/or joint venturers.

18.     In the further alternative, the Defendants are affiliated companies such that MARINA WORLD and/or GRESHAM WORLD are now, or will soon be, holding assets belonging to IOOI and vice versa.

19.     Pursuant to the terms of the Charter Party, all claims between the parties arising out of the subject contract are subject to London arbitration, with English law to apply. SOUTHQUAY specifically reserves its right to arbitrate the merits of its dispute with the Defendants in London pursuant to the terms of the Charter Party.

20.     This action is brought in order to obtain security in favor of SOUTHQUAY for its arbitration claim against the Defendants. This action is also brought to obtain security for such additional amounts as will cover SOUTHQUAY's anticipated attorney fees and costs (including, but not limited to, arbitrator fees) in the London arbitration, as well as interest, all of which are recoverable as part of SOUTHQUAY's main claim under English law.

21.     After investigation, the Defendants cannot be found within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but SOUTHQUAY is informed that the Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for

4

the benefit of IOOI, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

22.    The total amount of SOUTHQUAY's claim against the Defendants sought to be attached pursuant to Rule B includes (a) unpaid demurrage in the sum of $1,275,201.83 as stated in SOUTHQUAY's invoice dated March 6, 2006; (b) interest, costs, arbitrator fees, and attorney fees, all inclusive, which are anticipated to at least equal to the sum of $224,798.17, and which are recoverable under English law as part of the SOUTHQUAY's main claim; and (c) for a total claim amount sought to be attached of $1,500,000.00.

**WHEREFORE**, Plaintiff SOUTHQUAY SHIPPING LTD. prays (a) that process in due form of law according to the practice of this Court may issue against Defendants INTERNATIONAL OIL OVERSEAS INC., MARINA WORLD SHIPPING CORP., and GRESHAM WORLD SHIPPING INC. citing them to appear and answer the foregoing, failing which a default will be taken against it for the principal claim amount of $1,275,201.84, plus interest, costs, arbitrator fees, and attorney fees; (b) that since the Defendants INTERNATIONAL OIL OVERSEAS INC., MARINA WORLD SHIPPING CORP., and GRESHAM WORLD SHIPPING INC. cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendants INTERNATIONAL OIL OVERSEAS INC., MARINA WORLD SHIPPING CORP., and GRESHAM WORLD SHIPPING INC. up to and including the amount of the claim of $1,500,000.00 be restrained and

attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendants INTERNATIONAL OIL OVERSEAS INC., Defendant MARINA WORLD SHIPPING CORP., and/or GRESHAM WORLD SHIPPING INC. at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, BNP Paribas, Calyon, Citibank, Deutsche Bank, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia Bank, and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served; (c) that the Court enter an order directing Defendants INTERNATIONAL OIL OVERSEAS INC., MARINA WORLD SHIPPING CORP., and GRESHAM WORLD SHIPPING INC. to appear and respond in the London arbitration as required, or, to the extent an award is rendered against Defendants INTERNATIONAL OIL OVERSEAS INC., MARINA WORLD SHIPPING CORP., and GRESHAM WORLD SHIPPING INC. to confirm that award as a judgment of this Court; and (d) that Plaintiff SOUTHQUAY SHIPPING LTD. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated:  New York, New York
        June 15, 2007

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for Plaintiff
SOUTHQUAY SHIPPING LTD.

By: _John R. Keough, III____

John R. Keough, III (JK 6013)
111 Broadway, 4th Floor
New York, New York 10006
(212) 227-3550

## VERIFICATION

STATE OF NEW YORK          )
                           )
COUNTY OF NEW YORK         )

JOHN R. KEOUGH, III, being duly sworn, deposes and says:

1.      That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2.      That I have read the foregoing Amended Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3.      That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of written communications with its representatives.

4.      That I am authorized to make this verification on behalf of the Plaintiff.

5.      That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is a foreign business entity, with no officers or directors presently within this District.

_____
JOHN R. KEOUGH, III

Sworn to before me this
15th day of June, 2007

_____
Notary Public

SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 28, 2011

7